UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN JACKSON,

        Plaintiff,

    v.                                     22-CV-159-LJV
                                              DECISION & ORDER

UNITED STATES OF AMERICA,

        Defendant.

---

On February 28, 2022, the plaintiff, Kevin Jackson, commenced this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.* Docket Item 1. Jackson alleges that he suffered injuries as a result of a car accident with a United States Customs and Border Protection ("CBP") employee. *Id.*

On July 14, 2022, the United States moved to dismiss the complaint, arguing that this Court lacks subject matter jurisdiction over Jackson's claims because Jackson did not first present those claims to the appropriate federal agency. Docket Items 4, 5. Jackson did not respond to the United States' motion to dismiss, and the time to do so has expired.[1] *See* Docket Item 7.

For the reasons that follow, the United States' motion to dismiss, Docket Item 4, is granted. Jackson's claims are dismissed without prejudice.

---

[1] On August 19, 2022, this Court ordered Jackson to show cause why this Court should not decide the motion to dismiss based only on the United States' submissions. Docket Item 7. Jackson did not respond to that order.

## **FACTUAL BACKGROUND**[2]

On the morning of February 27, 2020, Jackson was driving on Tracy Street in Buffalo, New York, when John Kantor, a CBP employee, "negligently backed [a CBP truck] into Tracy Street and struck [Jackson's] motor vehicle."  Docket Item 1 at ¶¶ 5-6.  Jackson claims that the accident "occurred solely as a result of the negligence of [Kantor] with no negligence on the part of [Jackson]."  *Id.* at ¶ 7.  As a result of the accident, Jackson "sustained painful, permanent[,] and disabling injuries to his right wrist, right hand, left hand, left wrist, shoulder, cervical[,] and lower back," requiring "treatment with an orthopedic surgeon, chiropractor[,] and other medical professionals." *Id.* at ¶ 8.

According to Jackson, he "submitted [a] notice of claim on the prescribed [Standard] Form 95 as supplemented by a disc of medical records . . . seeking $800,000.00" on June 17, 2021.  *Id.* at ¶ 11.  But according to the United States, CBP has "no record of . . . a claim for personal injuries from [Jackson] or his attorney stemming from the February 2020 collision."[3]  Docket Item 4 at 3-4.  Instead, "the only

---

[2] The following facts are drawn from the complaint and the United States' filings. On a motion to dismiss under Rule 12(b)(1), the court "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."  *Collins v. United States*, 996 F.3d 102, 105 n.1 (2d Cir. 2021) (quoting *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016)).  But the court "may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits."  *Id.* (quoting *Fountain*, 838 F.3d at 134).

[3] A claimant must "present[] the claim to the appropriate Federal agency," 28 U.S.C. § 2675(a), which is the "agency whose activities gave rise to the claim," 28 C.F.R. § 14.2(b)(1).  According to the United States, Kantor is a CBP employee and CBP therefore "is the appropriate federal agency to which [Jackson] was required to have submitted his claim."  Docket Item 5 at 5; Docket Item 4 at 3; *see also* Docket Item 4 at 3 (CBP employee attesting that "administrative tort claims relating to collisions

2

administrative tort claim in the CBP database filed by or on behalf of . . . Jackson since February 27, 2020, concerns a claim for property damage submitted" on behalf of an insurance company. *Id.* at 10-11; *see also id.* at 12-14 (Standard Form 95 seeking $4,608.36 for damage "to the passenger side front of our insured's 2006 Chevy Impala").

CBP did receive two letters from Jackson's attorney in March and May of 2020, which "advised [CBP] that [Jackson's attorney] represents Kevin Jackson for injuries from an accident that took place on [February 27, 2020] on Tracy Street in Buffalo involving John Kantor as a driver of [CBP's] vehicle." *Id.* at 6, 8. Those letters identified Jackson and Kantor as "[o]ur [c]lient" and "[y]our [d]river," respectively, and gave the date of the accident, but provided no further information about the incident. *See id.* Instead, Jackson's attorney asked that CBP's "insurance carrier contact [Jackson's attorney] regarding th[e] matter." *Id.*

## **LEGAL PRINCIPLES**

A court "properly dismisses an action under [Federal Rule of Civil Procedure] 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "A plaintiff asserting subject matter

---

involving vehicles within the Port of Buffalo are typically sent to me or to Mission Support Specialists under my supervision"). Jackson has not contested that assertion.

jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Collins*, 996 F.3d at 108 (quoting *Fountain*, 838 F.3d at 134).

## DISCUSSION

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). "One such limited waiver of sovereign immunity is provided by the FTCA, which allows for a tort suit against the United States under specified circumstances." *Id.* (citation and internal quotation marks omitted). "But the waiver is subject to a jurisdictional prerequisite: a tort action 'shall not be instituted against the United States for money damages unless the claimant shall have first presented the claim to the appropriate Federal agency' for its review." *Collins*, 996 F.3d at 109 (alterations omitted) (quoting 28 U.S.C. § 2675(a)). "Further, an FTCA action 'shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency.'" *Id.* (quoting 28 U.S.C. § 2675(b)).

"[T]o satisfy the law's jurisdictional requirement[,] a presentment 'must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims.'" *Id.* at 111 (quoting *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998)). So a claimant "must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth" and cannot simply offer "conclusory statements which afford the agency involved no reasonable opportunity to investigate." *Romulus*, 160 F.3d at 132. And a claimant cannot presume that the appropriate federal agency has received his or her notice of

claim; instead, the claimant must "show actual receipt" of a notice of claim to "satisfy the FTCA's presentment requirement." *Cooke*, 918 F.3d at 82.

Because Jackson has not sufficiently pleaded that he has satisfied the FTCA's presentment requirement, this Court lacks subject matter jurisdiction over this case. *See id.* at 80 ("The plaintiff [] bears the burden of showing that [he] exhausted [his] administrative remedies by presenting [his] claim to the appropriate federal agency before filing suit."). In his complaint, Jackson offers only the assertion that he "submitted [a] notice of claim on the prescribed [Standard] Form 95 as supplemented by a disc of medical records and [sought] $800,000.00." Docket Item 1 at ¶ 11. But Jackson does not identify the federal agency—if any—to which he presented his claim. *See Cooke*, 918 F.3d at 80; *see also* 28 U.S.C. § 2675(a). Nor does he give any indication that any agency "actual[ly] recei[ved]" his claim. *See Cooke*, 918 F.3d at 82. The United States, meanwhile, has submitted declarations from two CBP employees attesting that CBP has no record of any Standard Form 95 that Jackson submitted for his personal injury claims. *See* Docket Item 4 at 3-4, 10-11.[4] And Jackson has not responded to those declarations or otherwise contested any of the arguments in the United States' motion to dismiss.

---

[4] While a Standard Form 95 is "not the only way to present a claim" to an agency, *see Collins*, 996 F.3d at 111, Jackson has not alleged that he satisfied the FTCA's presentment requirement through any other means. And the only communications that Jackson apparently sent in connection with his accident—the March and May 2020 letters, *see* Docket Item 4 at 6, 8—do not contain any information about "the nature of his injuries" or the "amount of damages sought [so] that the agency c[ould] reasonably understand what it must probe to determine liability, to value the claim, and to assess the advisability of settlement." *Collins*, 996 F.3d at 119. So there is no substitute for a Standard Form 95 that might be adequate here.

For those reasons, Jackson has not satisfied the FTCA's presentment requirement and this Court lacks subject matter jurisdiction over his claims. *See Feng Liu v. DiCarlo*, 2021 WL 22738, at *2-3 (S.D.N.Y. Jan. 4, 2021) (dismissing FTCA claim where the relevant agency "ha[d] no record of ever receiving [the claimant's] complaint"); *see also Cooke*, 918 F.3d at 79-82. Jackson's claims therefore are dismissed without prejudice for lack of subject matter jurisdiction. *See Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) (summary order) ("[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." (citation and internal quotation marks omitted)).

## CONCLUSION

For the reasons stated above, the United States' motion to dismiss, Docket Item 4, is GRANTED. The Clerk of the Court shall close the case.

SO ORDERED.

Dated: October 24, 2022
       Buffalo, New York

                                          */s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE